IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MOSES LEWIS,

    Plaintiff,

v.

GLYNN COUNTY DETENTION
CENTER; WAYNE BENNETT;
LOUISE CLIFTON NEWSOME;
DR. JEFFERY GUNDERSON;
JOHN ORR; Officer BOMBARD;
and RON CORBETT,

    Defendants.

CIVIL ACTION NO.: CV209-202

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Glynn County Detention Center in Brunswick, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that while he was being given medicine by Officer Orr, Officer Bombard was opening a cell containing an inmate named John Langford. Plaintiff asserts that Langford rushed into plaintiff's room and attacked him. Plaintiff states that he requested a copy of the incident report but was denied, and that he was also denied the ability to press charges against Langford. Plaintiff also asserts that during the altercation with Langford, Officer Bombard hit Plaintiff in the head with a radio, causing him to bleed. Plaintiff says he filed a medical request form for his injuries, but did not get a response. Plaintiff asserts that Undersheriff Ron Corbett notified Defendant that

he did not think it would be in the best interest of the Sheriff's Office to prosecute Langford.

Sheriff Wayne Bennett, Louise Clifton Newsome, and Dr. Jeffery Gunderson are listed as defendants in this action. However, Plaintiff sets forth no factual allegations against any of these parties. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Because Plaintiff failed to assert any facts alleging wrongdoing by Defendants Bennett, Newsome, or Gunderson, they should be dismissed as defendants in this case. Also Plaintiff fails to show that Defendant Corbett's decision to not prosecute Langford violated any of Plaintiff's constitutional rights. Therefore the claims against Defendant Corbett should be dismissed as well.

Plaintiff also names as a Defendant the Glynn County Detention Center. While local governments qualify as "persons" to whom § 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), a county detention center, as a mere arm of such governments, is not generally considered a legal entity subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003). Accordingly, Plaintiff cannot state a claim against the Glynn County Detention Center, as the Glynn County Detention Center is merely a vehicle through which the county governs and is not a proper party defendant. See Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984).

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Bennett, Newsome, Gunderson, Corbett, and Glynn County

Detention Center be **DISMISSED**. Plaintiff's cognizable claims are addressed in an Order of even date.

**SO REPORTED** and **RECOMMENDED**, this 6th day of March, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE