IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

MOSES LEWIS,

    Plaintiff,

v.                            CIVIL ACTION NO.: CV209-202

GLYNN COUNTY DETENTION
CENTER; WAYNE BENNETT;
LOUISE CLIFTON NEWSOME;
DR. JEFFERY GUNDERSON;
JOHN ORR; Officer BOMBARD;
and RON CORBETT,

    Defendants.

## ORDER

After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff asserts that the Glynn County Detention Center did not provide a safe environment for inmates. Plaintiff also sets forth new factual allegations against defendants Bennett and Newsome.[1] Plaintiff asserts that Louise Newsome is responsible for allowing protective custody inmates to be housed with general population inmates, which led to his injuries. Plaintiff asserts Sherriff Wayne Bennett failed to provide protection to safeguard inmates against attacks and failed to adequately train his officers.

Supervisory officials cannot be held liable under § 1983 on the basis of respondeat superior or vicarious liability. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th

---

[1] The Federal Rules of Civil Procedure permit the Court to consider arguments and allegations not previously submitted to the Magistrate Judge. Fed. R. Civ. P. 72.

Cir. 2003). Supervisors can, however, be held liable for their subordinates' constitutional violations on the basis of supervisory liability. Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007). Supervisory liability occurs when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). An inmate can establish the necessary causal connection by alleging that "a 'history of widespread abuse' put[ ] the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fail[ed] to do so." Mathews, 480 F.3d at 1270 (citing Cottone, 326 F.3d at 1360). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671.

Plaintiff claims that Defendant Newsome is liable because she adopted and implemented the policy that inmates with protective custody status shall be housed with other general population inmates, which resulted in the altercation that allegedly violated Plaintiff's constitutional rights. This is not sufficient to demonstrate that Defendant Newsome personally participated in the alleged deliberate indifference to Plaintiff's safety. See Calhoun v. Burnette, No. 3:07CV002, 2007 WL 1542752, at *2 (S.D. Ga. 2007) (Plaintiff's claims that Defendant was liable for implementing policy allowing the housing of protective custody and general population inmates together was not sufficient to demonstrate that Defendant personally participated in alleged deliberate indifference to Plaintiff's safety).

Though Plaintiff newly sets forth factual allegations against Defendants Newsome and Bennett, he fails to allege or establish a history of widespread abuse that should have put these defendants on notice of Plaintiff's alleged constitutional deprivations. Plaintiff's claims against the Glynn County Detention Center are not cognizable for the reasons set forth in the Magistrate's Report.

Plaintiff's Objections are without merit and are **OVERRULED**. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED**, this 13 day of May, 2010.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE